```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Norma Chase,                        )
                                    )
        Plaintiff                   )
                                    )
    vs.                             )    CIVIL ACTION
                                    )
Public Utility Commission of        )    (FILED ELECTRONICALLY)
Pennsylvania, Commonwealth          )
Reporting Company, Sargent's        )
Court Reporting Service, Inc.,      )
and Precision Reporting, Inc.,      )
                                    )
        Defendants                  )
```

**COMPLAINT**

1.  Plaintiff, Norma Chase, is a Pennsylvania resident and maintains a law office at 220 Grant Street, Pittsburgh, PA 15219.

2.  Defendant Public Utility Commission (PUC) is a regulatory agency created by Pennsylvania statute. Its address is Commonwealth Keystone Building, 400 North Avenue, Harrisburg, PA 17120.

3.  The remaining defendants (reporter defendants) are the

1

court reporting agencies providing stenographic services to the PUC.  Their names and addresses are as follows:

> Commonwealth Reporting Company (Commonwealth Reporting)
> 700 Lisburn Road
> Camp Hill, PA 17011
>
> Sargent's Court Reporting Service, Inc. (Sargent's)
> 210 Main Street
> Johnstown, PA 15901
>
> Precision Reporting, Inc. (Precision)
> 230 South Broad Street, 11th Floor
> Philadelphia, PA 19102

4.   Subject matter jurisdiction is vested in Your Honorable Court by 28 U.S.C. § 1331, which grants federal question jurisdiction, and 28 U.S.C. § 1338(a), which gives the District Courts of the United States exclusive original jurisdiction over copyright cases.

5.   The events complained of took place in the Middle District of Pennsylvania; the PUC is located therein, along with one of the reporter defendants (Commonwealth Reporting). Additionally, defendant Sargent's has branch offices in the Middle District.

6.   On September 19, 2005, plaintiff sent an e-mail to the PUC employee responsible for responding to copy requests (Gwen Risser), asking the price for a copy of the transcript of the January 13, 2005 public meeting of the PUC.

7.   Ms. Risser's reply, sent September 20, 2005, stated:

> . . . We are not permitted to make copies of Transcripts.  You will have to contact the court reporter to obtain copies.

8.   The reply also identified the reporting agency that had produced the transcript in question as Commonwealth Reporting.

9. Plaintiff sent a followup e-mail on September 29, 2005 inquiring about the possibility of reviewing the transcript on site, and received the following reply on September 30, 2005:

> . . . You are permitted to view the transcript in our office and even take your own notes but we are not permitted to make you copies from the transcript.

10. The reply then gave the location of the PUC and stated:

> You can call the front desk at 717-787-6982 to have the testimony folder pulled to read it but you have to inform them that you were advised about not being able to get copies without going through the court reporter.

11. On October 31, 2005, plaintiff sent a letter to the PUC formally requesting a copy of the transcript, offering to pay copying costs, and expressing her disagreement with the PUC's policy. A copy of the letter is appended hereto as Exhibit A.

12. On November 2, 2005, Ms. Risser left a message on plaintiff's answering machine reiterating that the PUC would not provide her with a copy of the transcript and stating that the transcript could only be obtained from the court reporter.

13. The foregoing actions reflected a longstanding PUC policy of referring requests for transcript copies to the appropriate court reporting agency. A copy of the page from the PUC web site setting forth this policy is appended hereto as Exhibit B.

14. In state-court litigation involving a prior challenge to the PUC's transcript policy, *Sierra Club v. Public Utility Commission*, 702 A. 2d 1131 (Pa. Cmwlth. 1997), *affirmed* 557 Pa. 11, 731 A. 2d 133 (1999), the PUC took the position that the high copy rates charged by court reporters are a legitimate form of supplemental compensation for the prior stenographic recording

and transcription of the proceedings.

15. In that case, Commonwealth Reporting, which had intervened, took the position that transcripts are the work product of the court reporters preparing them and that reporters accordingly have a proprietary interest in them.

16. Commonwealth Reporting places the following notice on all of its transcripts:

> Any reproduction of this transcript is prohibited without authorization by the certifying reporter.

17. Sargent's places the following notice on all of its transcripts:

> Any reproduction of this transcript is prohibited without authorization by the certifying agency.

18. Precision does not place any notice on its transcripts purporting to restrict reproduction, but nonetheless has an interest in what policy the PUC follows with respect to requests for the reproduction of original transcripts.

19. All of the reporter defendants, accordingly, have an interest in the question with respect to which declaratory judgment is sought herein: that of whether the proprietary interest the PUC is protecting is real or imaginary.

20. The actions of the PUC amount to the granting of copyrights, under color of state law, to the reporter defendants.

21. The restrictions imposed by the PUC on the reproduction of its transcripts violate plaintiff's First Amendment right to acquire and disseminate information about governmental proceedings and give plaintiff a right to relief under 42 U.S.C. § 1983.

22.  The transcripts provided to the PUC by the reporter defendants are not protected by federal copyright pursuant to 17 U.S.C. § 102 or § 103 because they are not, in whole or in part, the original work of the court reporters who prepare them.

23.  The preemption section of the federal copyright statute, 17 U.S.C. § 301, prohibits any state from granting any person a proprietary right equivalent to a copyright in any written material.

24.  Plaintiff accordingly requests that Your Honorable Court declare that the foregoing restrictions on the reproduction of transcripts violate the First Amendment to the United States Constitution and the copyright laws of the United States.

25.  Plaintiff further requests that she be awarded costs of suit and counsel fees against the PUC.

Date: s / 11-16-05
_____

s / Norma Chase
_____
Norma Chase, pro se
220 Grant Street
Pittsburgh, PA 15219
(412) 471-2946