IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA CHASE,<br>    Plaintiff, | :<br>: | Civil Action No. 1:05-CV-02375 |
| v. | :<br>:<br>: | (Chief Judge Kane) |
| PUBLIC UTILITY COMMISSION OF<br>PENNSYLVANIA, et al.,<br>    Defendants. | :<br>:<br>: | |

## MEMORANDUM

Before the Court are Defendants' motions to dismiss Plaintiff's second amended complaint. (Doc. Nos. 40, 42, 44.) The motions have been briefed and are ripe for disposition. For the reasons that follow, the Court will dismiss Plaintiff's claims against Defendants Commonwealth Reporting Co., Sargent's Court Reporting Service, Inc., and Precision Reporting, Inc., but will otherwise deny Defendants' motions to dismiss.

## I.   BACKGROUND

### A.   Factual Background

Norma Chase, acting pro se, is an attorney seeking to obtain a transcript of an administrative proceeding at cost. On September 19, 2005, Plaintiff sent an email to an employee of Defendant Public Utility Commission ("PUC") requesting a photocopy of the transcript of a January 13, 2005, public meeting of the PUC. (Second Am. Compl., Doc. No. 33, ¶ 8.)

The next day, Plaintiff received a reply informing her that the PUC is "not permitted to make copies of the Transcripts. You will have to contact the court reporter [Defendant Commonwealth Reporting] to obtain copies." (Id. ¶ 9.) On September 29, 2005, Plaintiff inquired about the possibility of reviewing the transcript on-site (Id. ¶ 11), to which she received

the following response:

> You are permitted to view the transcript in our office and even take your own notes but we are not permitted to make you copies from the transcript. . . . You can call the front desk at [phone number omitted] to have the testimony folder pulled to read it but you have to inform them that you were advised about not being able to get copies without going through the court reporter.

(Id. ¶¶ 11, 12.)  The second amended complaint does not indicate whether Plaintiff actually followed the specified procedure.

Subsequently, Plaintiff sent a formal request for a copy of the transcript to PUC in a letter dated October 31, 2005.  (Id. ¶ 13; Exh. A.)  On November 2, 2005, Plaintiff received a phone message notifying her that her request was denied.  (Id. ¶ 14.)  Plaintiff filed her initial complaint shortly thereafter.

According to its website at the time of the filing of the complaint, PUC had a policy that it would not "handle transcripts from public meetings or hearings."  (Id., Exh. B.)  Instead, transcripts could only be obtained through one of three court-reporting firms: Commonwealth Reporting Co. ("Commonwealth Reporting"); Sargent's Court Reporting Service, Inc. ("Sargent's"); and Precision Reporting, Inc. ("Precision") (collectively, "the Reporter Defendants").[1]  According to the second amended complaint, Commonwealth Reporting places a restrictive notice on their transcripts prohibiting their reproduction without authorization.  (Id. ¶ 18) ("Any reproduction of this transcript is prohibited without authorization by the certifying reporter.").  Sargent's transcripts have a notice with virtually identical language.  (Id. ¶ 19.) ("Any reproduction of this transcript is prohibited without authorization by the certifying

---

[1] It is not clear from the record whether Plaintiff actually attempted to obtain a transcript from any of the Reporter Defendants.

agency."). Precision's transcripts do not include any restrictive notices.

### B. The Sierra Club litigation

The PUC policy at issue was the subject of prior state-court litigation in Sierra Club v. Public Utility Commission, 702 A.2d 1131 (Pa. Commw. Ct. 1997), aff'd, 731 A.2d 133 (Pa. 1999).[2] In Sierra Club, the Pennsylvania Commonwealth Court rejected requests by intervenors for at-cost copies of testimony transcripts in a "base rate proceeding" between PUC and Pennsylvania Power & Light. Id. at 1133. Writing for the majority, Judge Leadbetter held that The PUC's transcript policy complied with the Pennsylvania "Right-to-Know Act," Act of June 21, 1957, P.L. 390, as amended, 65 P.S. §§ 66.1-66.4. Sierra Club, 702 A.2d at 1133. In reaching the conclusion that the policy was "reasonable" and therefore met the requirements of the Right-to-Know Act, the majority relied on the PUC's justifications for policy transcript:

> The policy behind its regulation and its contracts, PUC points out, is that base rate cases are voluminous (cross-examination transcripts in one case allegedly exceeded 20,000 pages, and the case involved nearly 800 parties of record) and the court reporting firms have resources to meet turnaround and copying requirements that the PUC lacks. The PUC contends that a comparison to cost of reproduction is inappropriate because the court reporter is compensated for professional services, i.e., stenographic recording of the testimony and preparation of the original transcript, as well as for the cost of reproduction. The PUC notes that its current system does not preclude anyone from examining the records free of cost but simply provides an equitable means of distributing all of these costs among the litigants. It argues that petitioners' demand here is contrary to the general principle that parties pay their own costs to advance their private interests through litigation and that the public should not be required to underwrite such expenses.

Id. at 1136. The Commonwealth Court concluded that "under all the . . . circumstances the

---

[2] Commonwealth Reporting intervened in the Sierra Club litigation; Plaintiff was not a party to the litigation. 702 A.2d at 1133; (Doc. No. 33, ¶ 17.)

PUC's reproduction policy is reasonable." Id.  In dissent, three judges argued that the PUC's transcript reproduction policy was not "reasonable" under the Right-to-Know Act.  Id. at 1137-39 (Kelley, Smith, and Flaherty, JJ.)  Nevertheless, the Pennsylvania Supreme Court issued a per curiam opinion summarily affirming the judgment "on the basis of Judge Leadbetter's opinion."  731 A.2d at 133.

### B.     Procedural Background

Plaintiff Norma Chase initiated this action by filing a pro se complaint in this Court on November 16, 2005.  (Doc. No. 1.)  Defendants separately moved to dismiss Plaintiff's complaint: PUC on January 17, 2006 (Doc. No. 8); Commonwealth Reporting and Sargent's on January 18, 2006 (Doc. No. 15); and Precision on January 19, 2006 (Doc. No. 17).  Plaintiff then filed an amended complaint on February 9, 2006, adding PUC officers Wendell F. Holland, James H. Cawley, Bill Shane, Kim Pizzingrilli, and Terrance J. Fitzpatrick as defendants.  (Doc. No. 27.)  These Defendants moved to dismiss Plaintiff's amended complaint on February 16, 2006.  (Doc. No. 28.)

On February 26, 2006, Plaintiff filed an unopposed motion for leave to submit a second amended complaint (Doc. No. 30), which this Court granted (Doc. No. 32).  Plaintiff then filed her second amended complaint on February 27, 2006.  (Doc. No. 33.)  In an order dated March 2, 2006, this Court denied Defendants' existing motions to dismiss as moot.  (Doc. No. 35.)  Defendants then filed separate motions to dismiss Plaintiff's second amended complaint on March 27, 2006.  (Doc. Nos. 40, 42, 44.)  Plaintiff filed an omnibus brief in opposition to Defendants' motions to dismiss on April 20, 2006.  (Doc. No. 54.)  Defendants Commonwealth Reporting and Sargent's filed a reply brief on May 8, 2006.  (Doc. No. 57.)

## II.   STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). A court must "examine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Hill v. Borough of Kutztown, 455 F.3d 225, 233 (3d Cir. 2006) (quoting Delaware Nation v. Pennsylvania, 446 F.3d 410, 415 (3d Cir. 2006)). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Rather, a court must only determine "whether the claimant is entitled to offer evidence to support the claims." Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc., 280 F.3d 278, 283 (3d Cir. 2002) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)).

## III.   DISCUSSION

### A.   Claims against PUC

Defendant PUC moved for dismissal on the grounds that it is entitled to sovereign immunity from suit. It is settled law that the Commonwealth of Pennsylvania generally enjoys immunity from suit in federal court.[3] Nonetheless, Plaintiff argues that the PUC is not an "arm of the state for Eleventh Amendment purposes." (Doc. No. 54, at 11.) To be considered an arm

---

[3] Plaintiff also correctly argues that her claims against the individual commissioners may proceed because she is seeking solely prospective relief. Verizon v. Pub. Svc. Comm'n of Md., 535 U.S. 635, 645 (2002).

of the state, the Court must look to three factors: "(1) whether, in the event the plaintiff prevails, the payment of the judgment would come from the state . . .; (2) the status of the agency under state law . . .; and (3) what degree of autonomy the agency enjoys." Christy v. Pa. Tpk. Comm'n, 54 F.3d 1140, 1144-45 (3d Cir. 1995). In its brief, PUC cites no precedent and offers no support for the conclusion that it is entitled to sovereign immunity. Although the case law is somewhat indeterminate as to whether the PUC is an arm of the state for sovereign-immunity purposes,[4] the ultimate burden to prove the applicability of the defense rests with PUC. Christy, 54 F.3d at 1144. PUC simply has not met its burden, and its motion to dismiss will be denied.

### B. Claims against the Reporter Defendants

Defendant Precision argues that it should be dismissed as a party because "it had nothing to do" with Plaintiff's request for a transcript from the PUC. (Doc. No. 48, at 3-4.) Similarly, Defendants Commonwealth Reporting and Sargent's maintain that they have no stake in PUC's transcript policy and ultimately bear no relation to Plaintiff Chase's claims. (Doc. No. 49, at 7.) Indeed, on the face of Plaintiff's second amended complaint, it is not clear that Plaintiff attempted to obtain transcript copies from any of the Reporter Defendants.

Conversely, Plaintiff contends that the Reporter Defendants have an interest in the

---

[4] Compare, e.g., Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n, 141 F.3d 88, 92 n.4 (3d Cir. 1998) (noting that the appellant did "not take issue with" the determination that the PUC was an arm of the state; subsequently holding that Congress abrogated sovereign immunity) and MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 508-13 (3d Cir. 2001) (holding that the Commonwealth waived sovereign immunity) with Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n, 1997 WL 597963, at *10 (E.D. Pa. Sept. 15, 1997) (holding that the PUC is not an arm of the state for sovereign immunity purposes). The Third Circuit subsequently held that the district court's determination in National Railroad Corp. estopped the PUC from raising the sovereign immunity defense in collateral proceedings, but the court did not address whether it was an arm of the state. Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n, 342 F.3d 242, 252-53 (3d Cir. 2003).

outcome of the litigation because Defendants Commonwealth Reporting and Sargent's claim the right to restrict the copying of transcripts based on PUC policy, and Precision may enjoy a similar right despite its disavowment of any possible interest in the litigation. But, the Reporter Defendants are not responsible for the promulgation of the PUC policy and therefore Plaintiff cannot seek relief from them.

The Court appreciates Plaintiff's decision to exercise an "abundance of caution" in joining the Reporter Defendants so as to satisfy joinder requirements under Federal Rule of Civil Procedure 19(a). (Doc. No. 54, at 9.) Nonetheless, because Plaintiff's "direct controversy is with the PUC" (id.), and because Plaintiff has not sufficiently pleaded actual involvement in this controversy by any of the Reporter Defendants, the Court will dismiss claims against them.

### C.     The effect of prior state-court litigation

Defendants finally argue that the Sierra Club litigation forecloses Plaintiff's claims. Defendants insist that because Pennsylvania courts have approved of PUC's transcript procedure, this Court should not entertain a second challenge to the law. Although Defendants suggest that relief is "foreclosed by a determination by Pennsylvania courts upholding PUC's policy for providing hearing transcripts to the public under the Right to Know Act" (Doc. No. 57, at 4), Defendants do not argue that principles of res judicata or collateral estoppel apply. The essence of Defendants' argument is that PUC's policy has the imprimatur of judicial approval. Yet Plaintiff does not seek to relitigate the reasonableness of the policy; rather, Plaintiff claims that PUC's policy infringes on her constitutional rights and is in conflict with federal copyright laws. The holdings of the Pennsylvania courts on state-law grounds are therefore inapposite to

the viability of Plaintiff's claims in this Court concerning federal law.[5]

**IV.    Conclusion**

For the foregoing reasons, the Court will dismiss Plaintiff's claims against the Reporter Defendants but deny Defendant PUC's motion to dismiss Plaintiff's second amended complaint.

---

[5] Although Defendants did not address the merits of Plaintiff's federal claims, the Court has some reservations on the issue of whether the Copyright Act's preemption provision, 17 U.S.C. § 301, creates a private right of action to invalidate a state law or policy. Nevertheless, in the interest of a more complete record, the Court is unwilling to rule on this issue sua sponte at this time.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NORMA CHASE, | : | |
|     Plaintiff, | : | Civil Action No. 1:05-CV-02375 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| PUBLIC UTILITY COMMISSION OF | : | |
| PENNSYLVANIA, et al., | : | |
|     Defendants. | : | |

## ORDER

**AND NOW**, this 14th day of November 2006, upon consideration of Defendants' Motions to Dismiss (Doc. Nos. 40, 42, 44) filed in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED** that Defendants Commonwealth Reporting Co., Sargent's Court Reporting Service, Inc., and Precision Reporting, Inc. are **DISMISSED** from this action. **IT IS FURTHER ORDERED** that Defendant PUC's motion to dismiss Plaintiff's second amended complaint is **DENIED**.

                                                                              s/ Yvette Kane
                                                                              Yvette Kane, Chief Judge
                                                                              United States District Court
                                                                              Middle District of Pennsylvania